IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYLE ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT BARNES, OFFICER PURCHASE, OFFICER TELMECO, AND THE CITY OF CHICAGO,<br><br>    Defendants. | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Blake Horwitz, Esq. and Dan Zoloth Dorfman, Esq. of The Blake Horwitz Law Firm, and pursuant to this Complaint at Law, states the following against the above named Defendants, POLICE SERGEANT BARNES, OFFICER PURCHASE, OFFICER TELMECO (collectively "DEFENDANT OFFICERS") and the CITY OF CHICAGO:

## JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and §1343(a), the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.    PLAINTIFF is a resident of the State of Illinois and of the United States.

3.    The DEFENDANT OFFICERS were at all times relevant employed by and acting on behalf of the CITY OF CHICAGO.

1

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5. On or about October 18, 2009, at about 9:40 P.M., PLAINTIFF was peacefully enjoying the privacy and security of his apartment at 3515 S. Cottage Grove Avenue, Chicago, Illinois.

6. On or about October 18, 2009, at about 9:40 P.M., PLAINTIFF was detained by one or more of the DEFENDANT OFFICERS and transported by one of the DEFENDANT OFFICERS to the police station.

7. On or about October 18, 2009, some or all of the DEFENDANT OFFICERS engaged in an unreasonable seizure of the PLAINTIFF. Specifically, some or all of the DEFENDANT OFFICERS slammed the PLAINTIFF's head repeatedly against the hood of the police car and against a brick wall despite the fact that the PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS. This conduct violated the Fourth Amendment to the United States Constitution.

8. The DEFENDANT OFFICERS arrested and charged the PLAINTIFF with simple assault, pursuant to 720 ILCS 5/12-1-A, notwithstanding the fact that on October 18, 2009 the PLAINTIFF had not committed simple assault. This conduct violated the Fourth Amendment to the United States Constitution.

9. On or about October 18, 2009, PLAINTIFF did not commit simple assault pursuant to 720 ILCS 5/12-1-A.

10. On or about November 16, 2009, the charge of simple assault against the PLAINTIFF was dismissed.

11. The show of force initiated by and/or the failure to intervene in the use of said force on or about October 18, 2009 by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

12. The DEFENDANT OFFICERS charged and/or participated in the charging of the PLAINTIFF with criminal activity and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF, notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

13. On October 18, 2009, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

14. As a direct and proximate result of one or more of the acts or omissions of the DEFENDANT OFFICERS alleged in this Complaint, PLAINTIFF was caused to suffer damages.

15. On or about October 18, 2009, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. On or about October 18, 2009, the DEFENDANT OFFICERS engaged in the conduct complained of in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

16. Upon information and belief, DEFENDANT SERGEANT BARNES came into physical contact with PLAINTIFF on October 18, 2009.

17. Upon information and belief, DEFENDANT OFFICER PURCHASE came into physical contact with PLAINTIFF on October 18, 2009.

18. Upon information and belief, DEFENDANT OFFICER TELMECO came into physical contact with PLAINTIFF on October 18, 2009.

## CONSPIRACY

19. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. agreeing to falsely arrest the PLAINTIFF;

    b. agreeing to falsely institute criminal charges/proceedings against the PLAINTIFF;

    c. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    d. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    e. agreeing not to report each other after falsely arresting and/or charging the PLAINTIFF; and

    f. generating false documentation to cover-up for their own and each other's misconduct.

20. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about October 18, 2009, by which the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer

4

physical injury, be charged with criminal allegations, incur financial losses including attorneys' fees and medical expenditures, and to suffer emotionally.

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

21.     PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

22.     The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the PLAINTIFF.

23.     This conduct violated the Fourth Amendment of the United States Constitution.

24.     The actions of the DEFENDANT OFFICERS alleged in this Complaint were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

25.     PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

26.     The actions of the DEFENDANT OFFICERS alleged in this Complaint caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

27.     The conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

28. The actions of the DEFENDANT OFFICERS on or about October 18, 2009 alleged in this Complaint were the direct and proximate cause of the Constitutional violations alleged in this Complaint.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest – State Law Claim

29. PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

30. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

31. The actions of the DEFENDANT OFFICERS on or about October 18, 2009 were the direct and proximate cause of the violations alleged in this Complaint.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery – State Law Claim

32. PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

33. On or about October 18, 2009, the DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

34. The PLAINTIFF suffered injury as a result.

35. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

36. The actions of the DEFENDANT OFFICERS alleged in this Complaint were the direct and proximate cause of the violations and injuries alleged in this Complaint.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT V
## Malicious Prosecution – State Law Claim

37. PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

38. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

39. The DEFENDANT OFFICERS engaged in this effort without probable cause.

40. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF on November 16, 2009.

41. The underlying criminal charges were resolved in a manner indicative of innocence.

42. The actions of the DEFENDANT alleged in this Complaint were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VI
## § 1983 Conspiracy Claim

43. PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

44. The actions of the DEFENDANT OFFICERS alleged in this Complaint were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VII
### Conspiracy Claim – State Law

45. PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

46. The actions of the DEFENDANT OFFICERS alleged in this Complaint were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law alleged in this Complaint.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

47. PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

48. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS.

49. The DEFENDANT OFFICERS committed the acts alleged in this Complaint under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the

CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT IX
## Supplementary Claim for *Respondeat Superior*

50. PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

51. The actions of the DEFENDANT OFFICERS alleged in this Complaint were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, PLAINTIFF demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

52. PLAINTIFF demands trial by jury.

Respectfully submitted,

s/ Dan Zoloth Dorfman_____
One of the Attorneys for the Plaintiff

**The Blake Horwitz Law Firm**
Two First National Plaza
20 S. Clark Street, Suite 500
Chicago, Illinois 60603
Telephone: (312) 676-2100
Fax: (312) 372-7076