# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LYLE ANDERSON, | ) | |
| | ) | NO. 10 C 0397 |
| Plaintiff, | ) | |
| | ) | Judge Andersen |
| vs. | ) | |
| | ) | Magistrate Judge Schenkier |
| SERGEANT BARNES, OFFICER PURCHASE, | ) | |
| OFFICER TELMECO, and THE CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER, DEFENSES AND
## JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants, City of Chicago, Sergeant Barnes, Officer Tomescu, and Officer Purches ("Defendants"), by one of their attorneys, Robert C. Rutherford, Jr., Assistant Corporation Counsel, for their Answer, Affirmative Defenses, and Jury Demand, state as follows:

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and §1343(a), the Constitution of the United States; and this Court's supplementary jurisdiction powers.

ANSWER: Defendants admit that jurisdiction of this court invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, and 1343 and that supplemental jurisdiction arises under this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. §1367.

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

ANSWER: On information and belief, defendants admit the allegations of this paragraph.

3. The DEFENDANT OFFICERS were at all times relevant employed by and acting on behalf of the CITY OF CHICAGO.

ANSWER: Defendants admit the allegations of this paragraph.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

ANSWER: Defendants admit the allegations of this paragraph.

## **FACTS**

5. On or about October 18, 2009, at about 9:40 P.M., PLAINTIFF was peacefully enjoying the privacy and security of his apartment at 3515 S. Cottage Grove Avenue, Chicago, Illinois.

ANSWER: Defendants deny the allegations in this paragraph.

6. On or about October 18, 2009, at about 9:40 P.M., PLAINTIFF was detained by one or more of the DEFENDANT OFFICERS and transported by one of the DEFENDANT OFFICERS to the police station.

ANSWER: Defendants deny the allegations in this paragraph. Defendants state that on October 19, 2009, plaintiff was detained by Chicago Police Officers and transported by Chicago Police Officers to the Chicago Police Department's 21st District.

7. On or about October 18, 2009, some or all of the DEFENDANT OFFICERS engaged in an unreasonable seizure of the PLAINTIFF. Specifically, some or all of the DEFENDANT OFFICERS slammed the PLAINTIFF'S head repeatedly against the hood of the police car and against a brick wall despite the fact that the PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS. This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER: Defendants deny the allegations in this paragraph.

8. The DEFENDANT OFFICERS arrested and charged the PLAINTIFF with simple assault, pursuant to 720 ILCS 5/12-1-A, notwithstanding the fact that on October 18, 2009 the PLAINTIFF had not committed simple assault. This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER: Defendants admit that on October 19, 2010, plaintiff was arrested and charged with simple assault, pursuant to 720 ILCS 5.0/12-1-A. Defendants deny the remaining allegations in this paragraph.

9. On or about October 18, 2009, PLAINTIFF did not commit simple assault pursuant to 720 ILCS 5/12-1-A.

ANSWER: Defendants deny the allegations in this paragraph.

10. On or about November 16, 2009, the charge of simple assault against the PLAINTIFF was dismissed.

ANSWER: On information and belief, Defendants admit the allegations in this paragraph.

11. The show of force initiated by and/or the failure to intervene in the use of said force on or about October 18, 2009 by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

ANSWER: Defendants deny the allegations in this paragraph.

12. The DEFENDANT OFFICERS charged and/or participated in the charging of the PLAINTIFF with criminal activity and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF, notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

ANSWER: Defendants deny the allegations in this paragraph.

13. On October 18, 2009, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

ANSWER: Defendants deny the allegations in this paragraph.

14. As a direct and proximate result of one or more of the acts or omissions of the DEFENDANT OFFICERS alleged in this Complaint, PLAINTIFF was caused to suffer damages.

ANSWER: Defendants deny the allegations in this paragraph.

15. On or about October 18, 2009, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. On or about October 18, 2009, the DEFENDANT OFFICERS engaged in the conduct complained of in the course and scope of employment and while on duty. This action is being

brought with regard to the individual capacity of the DEFENDANT OFFICERS.

ANSWER: Defendants admit that on October 19, 2009, Defendant Officers were on duty at all times relevant to this Complaint and were duly appointed police officers for the City of Chicago. Defendants further admit that Defendant Officers were within the scope of their employment while on duty. Defendants further admit that plaintiff purports to bring this action with regard to the individual capacity of the Defendant Officers. Defendants deny the remaining allegations in this complaint.

16. Upon information and belief, DEFENDANT SERGEANT BARNES came into physical contact with PLAINTIFF on October 18, 2009.

ANSWER: Defendants deny the allegations in this paragraph.

17. Upon information and belief, DEFENDANT OFFICER PURCHASE came into physical contact with PLAINTIFF on October 18, 2009.

ANSWER: Defendants deny the allegations in this paragraph.

18. Upon information and belief, DEFENDANT OFFICER TELMECO came into physical contact with PLAINTIFF on October 18, 2009.

ANSWER: Defendants deny the allegations in this paragraph.

## **CONSPIRACY**

19. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. agreeing to falsely arrest the PLAINTIFF;
   b. agreeing to falsely institute criminal charges/proceedings against the PLAINTIFF;
   c. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;
   d. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;
   e. agreeing not to report each other after falsely arresting and/or charging the PLAINTIFF; and
   f. generating false documentation to cover-up for their own and each other's misconduct.

4

ANSWER: Defendants deny the allegations this paragraph, including all sub-parts.

20. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about October 18, 2009, by which the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, inter alia, suffer physical injury, be charged with criminal allegations, incur financial losses including attorneys' fees and medical expenditures, and to suffer emotionally.

ANSWER: Defendants deny the allegations in this paragraph.

## COUNT I

### Excessive Force Claim Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

21. PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

ANSWER: Defendants re-allege their answers to paragraphs 1 through 20 as though fully set forth here.

22. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the PLAINTIFF.

ANSWER: Defendants deny the allegations in this paragraph.

23. This conduct violated the Fourth Amendment of the United States Constitution.

ANSWER: Defendants deny the allegations in this paragraph.

24. The actions of the DEFENDANT OFFICERS alleged in this Complaint were the direct and proximate cause of the constitutional violations set forth above.

ANSWER: Defendants deny the allegations in this paragraph.

WHEREFORE, defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT II
## False Arrest Claim Pursuant to
## 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

25. PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

ANSWER: Defendants re-allege their answers to paragraphs 1 through 20 as though fully set forth here.

26. The actions of the DEFENDANT OFFICERS alleged in this Complaint caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

ANSWER: Defendants deny the allegations in this paragraph.

27. The conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

ANSWER: Defendants deny the allegations in this paragraph.

28. The actions of the DEFENDANT OFFICERS on or about October 18, 2009 alleged in this Complaint were the direct and proximate cause of the Constitutional violations alleged in this Complaint.

ANSWER: Defendants deny the allegations in this paragraph.

WHEREFORE, defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT III

## False Arrest - State Law Claim

29. PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

ANSWER: Defendants re-allege their answers to paragraphs 1 through 20 as though fully set forth here.

30. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS

was in violation of the Constitution to the State of Illinois as well as Illinois law.

ANSWER: Defendants deny the allegations in this paragraph.

31. The actions of the DEFENDANT OFFICERS on or about October 18, 2009 were the direct and proximate cause of the violations alleged in this Complaint.

ANSWER: Defendants deny the allegations in this paragraph.

WHEREFORE, defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT IV

### Battery - State Law Claim

32. PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

ANSWER: Defendants re-allege their answers to paragraphs 1 through 20 as though fully set forth here.

33. On or about October 18, 2009, the DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

ANSWER: Defendants deny the allegations in this paragraph.

34. The PLAINTIFF suffered injury as a result.

ANSWER: Defendants deny the allegations in this paragraph.

35. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

ANSWER: Defendants deny the allegations in this paragraph.

36. The actions of the DEFENDANT OFFICERS alleged in this Complaint were the direct and proximate cause of the violations and injuries alleged in this Complaint.

ANSWER: Defendants deny the allegations in this paragraph.

WHEREFORE, defendants request judgment in their favor and against plaintiff on all counts

and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT V

### Malicious Prosecution - State Law Claim

37. PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

ANSWER: Defendants re-allege their answers to paragraphs 1 through 20 as though fully set forth here.

38. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

ANSWER: Defendants deny the allegations in this paragraph.

39. The DEFENDANT OFFICERS engaged in this effort without probable cause.

ANSWER: Defendants deny the allegations in this paragraph.

40. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF on November 16, 2009.

ANSWER: Defendants deny the allegations in this paragraph.

41. The underlying criminal charges were resolved in a manner indicative of innocence. The actions of the DEFENDANT alleged in this Complaint were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

ANSWER: Defendants deny the allegations in this paragraph.

WHEREFORE, defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT VI § 1983

### Conspiracy Claim

43. PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

ANSWER: Defendants re-allege their answers to paragraphs 1 through 20 as though fully set forth here.

44. The actions of the DEFENDANT OFFICERS alleged in this Complaint were the direct and proximate cause of the violations of the United States Constitution, inter alia the Fourth Amendment.

ANSWER: Defendants deny the allegations in this paragraph.

WHEREFORE, defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT VII

### Conspiracy Claim - State Law

45. PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

ANSWER: Defendants re-allege their answers to paragraphs 1 through 20 as though fully set forth here.

46. The actions of the DEFENDANT OFFICERS alleged in this Complaint were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law alleged in this Complaint.

ANSWER: Defendants deny the allegations in this paragraph.

WHEREFORE, defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT VIII

### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

47. PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

ANSWER: Defendants re-allege their answers to paragraphs 1 through 20 as though fully set forth here.

48. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS.

ANSWER: Defendants admit the allegations of this paragraph.

49. The DEFENDANT OFFICERS committed the acts alleged in this Complaint under color of law and in the scope of employment of the CITY OF CHICAGO.

ANSWER: Defendants admit that the Defendant Officers were at all times were acting under color of law and within the scope of their employment of the City of Chicago. Defendants deny the remaining allegations in this paragraph.

WHEREFORE, defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT IX

### Supplementary Claim for Respondeat Superior

50. PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

ANSWER: Defendants re-allege their answers to paragraphs 1 through 20 as though fully set forth here.

51. The actions of the DEFENDANT OFFICERS alleged in this Complaint were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

ANSWER: Defendants admit that Defendant Officers were at all times acting within the scope

of their employment. Defendants further admit that pursuant to respondeat superior, Defendant City of Chicago could be held potentially liable for its agents' actions.

WHEREFORE, defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1. Defendant Officers Barnes, Tomescu, and Purches are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed their actions toward Plaintiff to be lawful, in light of clearly established law and the information that Defendants possessed. Therefore, Defendants Barnes, Tomescu, and Purches are entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims.

2. As to any state claims under Illinois law, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Defendants are not liable for any such claim alleged because the defendants' actions with respect to plaintiff were based upon the information and circumstances known to defendants at the time and were discretionary for which they are immune from liability. 745 ILCS 10/2-201.

3. As to all claims under Illinois law, pursuant to the Illinois Tort Immunity Act, Defendants are not liable for any state law claim alleged because a public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

4. Where Defendants may be liable in damages, the amount of damages to

which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton or negligent conduct of the Plaintiff which was the proximate cause of his injuries or damages.

5. Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7. The statue of limitations for any of the claims alleged by plaintiff under Illinois law is one year. 745 ILCS 10/8-101. To the extent that plaintiff's claims under Illinois law accrued more than one year prior to the filing of the complaint against the defendants, those claims are time barred and should be dismissed.

8. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by the institution or prosecution of any judicial or administrative proceeding with the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

## JURY DEMAND

Defendants requests trial by jury.

                                                Respectfully submitted,

By:   */s/Robert C. Rutherford, Jr.*
       ROBERT C. RUTHERFORD, Jr.
       Assistant Corporation Counsel

Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-5890 Office
(312) 744-6566 Fax
Attorney No. 06288564